### No. 227
BRYANT HEATER & MANFG. CO. v. KIDD
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4912. Decided Dec. 17, 1923

**313. CORPORATIONS — President and general manager cannot bind corporation by contract of employment where by-laws provide that contracts must be signed by president and secretary.**

**475. ESTOPPEL — Doctrine of estoppel cannot be invoked by employe of corporation when circumstances are such as to compel inquiry of right to employ for extended period.**

LEVINE, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Kidd recovered judgment against defendant company in Cleveland Municipal Court on alleged contract of employment. She was in the employ of this company as stenographer. The president and general manager authorized her to write in the name of the company, a communication directed to her, whereby she was to be employed by it as stenographer for a period of two years at $150 per month for the first year and $165 the second. It was signed, the Bryant Heater & Mfg. Co., C. L. Bryant, General Manager. The constitution and by-laws provided that the president and secrttary should sign all contracts. At this time there was a dissention between Bryant and the directors, and this was known. This contract was not known to the directors until a year after it was entered into. In reversing the judgment, the Court of Appeals held:

1. The general manager has the power to enter into contract of employment with stenographers and clerks, but it cannot be contended that it is necessary to bind the corporation with a contract of employment for two years in order to engage a stenographer. Persons of ordinary prudence would be aware of that fact and should therefore be on their guard and make inquiry into the authority.

By the express language of the constitution and by-laws, the authority to sign contracts is lodged in two persons only, the president and secretary, and the president or general manager could not bind the corporation.

2. The doctrine of estoppel cannot be invoked because the circumstances surrounding the transaction were sufficient to put a person of ordinary prudence on inquiry.

Attorneys—Austin & Kirkbride, for Bryant Co.; Snyder, Henry, Tilden, Ford & Seagrave, for Kidd, all of Cleveland.

### No. 228
COBLENZ v. SAVILLE
Ohio Appeals, 4th Dist., Montgomery County
No. 399. Decided Feb. 5, 1924

**639. INJUNCTION—Injunction lies to restrain owner from maintaining dam on his land which causes water to flow upon adjoining land.**

BY THE COURT.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for an injunction and for damages in the Common Pleas wherein Lizzie J. Coblenz was plaintiff an dCharles G. Saville was defendant. Plaintiff alleged that defendant had constructed a dam across a ditch on defendant's farm and had dug a ditch from the upper side of said dam westwardly to the line fence between the farms owned by plaintiff and defendant and had thereby caused the water to flow through said ditch to the said line fence and over and upon platitiff's land. The Common Pleas enjoined defendant from maintaining the dam and awarded plaintiff nominal damages in the sum of $1.00. Defendant Saville appealed. Held:

The erection of a dam upon one's own land, thereby causing water to be thrown upon the adjoining land of another, is a nuisance for which action may be maintained without showing any actual damage and for which nominal damages, at least, may be recovered. Tootle v. Clifton, 22 OS. 247, approved and followed. Decree entered similar to that of the Common Pleas.

Attorneys—Allaman, Funkhouser & Murr, Dayton, for Coblenz; W. S. Rhotehamel, A. C McDonald, Dayton, for Saville.